UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CLIM MCFAN, JR.                                           CIVIL ACTION NO. 19-cv-0732

VERSUS                                                             CHIEF JUDGE HICKS

US COMMISSIONER OF SOCIAL SECURITY   MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Clim McFan, Jr. ("Plaintiff"), who is self-represented, filed a complaint to appeal a decision by the Commissioner of the Social Security Administration to terminate his disability benefits. For the reasons that follow, it is recommended that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

Plaintiff was originally found to be disabled in 2014 due to a calcaneus fracture to his left foot. In 2016, it was determined that Plaintiff was no longer disabled. Plaintiff challenged that decision and, after a hearing, an Administrative Law Judge ("ALJ") issued a decision that Plaintiff's impairment decreased in medical severity to the point where he had the residual functional capacity to perform at the light exertional level.

Plaintiff filed this civil action to appeal the ALJ's decision. Soon after the complaint was filed, the court issued an order (Doc. 6) that explained the litigation process, including that a scheduling order would issue and set a deadline for Plaintiff to file a brief that argues his case. The order warned: " Failure to file a brief by the deadline may result in dismissal of the case." The Clerk of Court did later issue a briefing schedule and instructions (Doc. 10), and the Commissioner filed the administrative transcript (Doc. 11). The deadline for

Plaintiff to file a responsive memorandum was 60 days after the filing of the administrative transcript, or December 30, 2019. That deadline has passed, and Plaintiff has not filed a brief or a motion for extension of time.

A district court has the inherent authority to dismiss an action, even *sua sponte*, for failure to prosecute, with or without notice to the parties. Link v. Wabash Railroad Co., 82 S.Ct. 1386, 1388-89 (1962); Rogers v. Kroger Co., 669 F.2d 317, 319-20 (5th Cir. 1982). Dismissal is warranted under these circumstances. Plaintiff was warned of the briefing requirement early in the case, and the scheduling order repeated the requirement and allowed ample time for Plaintiff to comply with the deadline. Plaintiff took no action.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar

that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of January, 2020.

Mark L. Hornsby
U.S. Magistrate Judge